UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL IVY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FAROOQ QASSIM MAYET, et al.,<br><br>    Defendants. | Case No. 14-cv-04879-HSG<br><br>**GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 41 |

Pending before the Court is Plaintiffs' motion for leave to file a second amended complaint to add a new defendant. Defendants did not file an opposition to Plaintiffs' motion and the time for doing so has passed. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and finds the matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). The Court **GRANTS** Plaintiffs' motion.

## I.   BACKGROUND

In June 2013, Plaintiffs Crystal Ivy and Cheng Saephan purchased a 1999 Honda Accord from Richmond Auto Sales, a business registered to Farooq Qassim Mayet and Rajeshwar Singh ("Defendants"). Dkt. No. 41-1. At the time of the purchase, the vehicle's odometer indicated mileage of 110,841 miles. *Id.* On February 19, 2014, Plaintiff Ivy was involved in an automobile accident. After the accident, the insurance carrier discovered that the vehicle's odometer had indicated 282,646 miles during a smog inspection on January 10, 2011, more than two years before Plaintiffs purchased the vehicle. *Id.*

On November 3, 2014, Plaintiffs filed a complaint against Defendants and Doe Defendants 1-50, alleging violations of the Federal Odometer Act, 49 U.S.C. § 32701 et seq. Dkt. No. 1. On July 28, 2015, Plaintiffs propounded discovery requests. Defendants' September 8, 2015 discovery responses revealed that HPM Investments, Inc. was the owner of the subject vehicle at

the time of the sale. *See* Dkt. No. 41, Ex. A. HPM Investments was not named as a vehicle "owner" in Defendant's initial disclosures.

Per the Court's scheduling order, July 1, 2015 was the last day to amend the pleadings. Dkt. No. 30. On November 17, 2015, Plaintiffs filed this motion seeking leave to file a second amended complaint to replace Doe Defendant 1 with newly-discovered HPM Investments, Inc.[1]

## II. LEGAL STANDARD

"A party seeking a second or successive amendment 'may amend its pleading only with the opposing party's written consent or the court's leave.'" *KFD Enterprises, Inc. v. City of Eureka*, No. C-08-4571 MMC, 2011 WL 1750783, at *1 (N.D. Cal. Apr. 22, 2011) (quoting Fed. R. Civ. P. 15(a)). "Rule 15 advises the court that 'leave shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). "This policy is to be applied with extreme liberality." *Id.* (internal quotation marks omitted).

"Once the Court has entered a scheduling order, the liberal policy favoring amendments no long[er] applies." *Navarro v. Eskanos & Adler*, No. C 06-02231 WHA, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006). Instead, Federal Rule of Civil Procedure Rule 16(b) governs. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The moving party must show good cause "for not having amended [the] complaint[ ] before the time specified in the scheduling order expired." *Bonneau v. SAP Am., Inc.*, No. C 03-5516 PJH, 2004 WL 2714406, at *1 (N.D. Cal. Nov. 29, 2004).

## III. ANALYSIS

Here, Plaintiffs have established good cause for failing to amend the complaint before the

---

[1] On February 4, 2015, Magistrate Judge Ryu granted Plaintiff's motion to file a first amended complaint to correctly name the Plaintiffs; "[t]he names of each Plaintiff were inadvertently transposed on the initial complaint." Dkt. No. 26 at 4-5. Plaintiffs filed the first amended complaint on May 26, 2015, Dkt. No. 24.

1  Court's deadline.  There is no evidence that Plaintiffs could have obtained the information
2  concerning HPM Investments until after conducting discovery.  Defendants' discovery responses
3  revealed that they sold the vehicle to Plaintiffs as a consignment sale for HPM Investments, who
4  Defendants allege is the true owner of the vehicle.  Given that Defendants do not oppose
5  Plaintiffs' motion and that this is newly-discovered information that Plaintiffs could not
6  reasonably have learned earlier, the Court concludes Plaintiffs have established good cause.  *See*
7  *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 WL
8  3733815, at *5 (E.D. Cal. Dec. 15, 2006) (finding good cause where Defendant sought leave to
9  amend pleading two months after learning new information through discovery); *see also Navarro*,
10 2006 WL 3533039, at *2.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' unopposed motion is **GRANTED**.  Plaintiffs are directed to file the second amended complaint by December 21, 2015.  The parties are **ORDERED** to appear at a case management conference on January 5, 2016 to discuss the schedule for pretrial proceedings and trial.

**IT IS SO ORDERED.**

Dated: 12/14/15

HAYWOOD S. GILLIAM, JR.
United States District Judge